IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAPER MILL HOLDING COMPANY, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| D.R. HORTON, INC. – NEW JERSEY | : | NO. 08-2074 |

ORDER AND OPINION

JACOB P. HART                                                                       DATE:   January 26, 2009
UNITED STATES MAGISTRATE JUDGE

In this case, plaintiff Paper Mill Holding Company, Ltd. ("Paper Mill") alleges that Defendant D.R. Horton, Inc. – New Jersey ("Horton") breached a performance agreement between the parties for the purchase by Horton of some land. Horton has now filed a motion *in limine* asking this Court to preclude the expert testimony of rebuttal witnesses identified by plaintiff, Paper Mill Holding Company, Ltd. ("Paper Mill"), or, in the alternative, to compel the filing of reports under Fed. R. Civ. Pr. 26(a)(2)(B), and to extend the schedule in this case to permit the deposition of these witnesses. For the reasons set forth below, Horton's motion will be granted, except that expert reports will not be required.

I.    Factual and Procedural Background

The scheduling order entered by the undersigned on July 24, 2008, provided that factual discovery was to be completed by October 31, 2008. Expert reports were to be exchanged no later than November 14, 2008, and rebuttal reports were to be exchanged on or before December 15, 2008. Expert discovery, i.e., the period of time during which an expert could be deposed, closed on December 31, 2008. Trial is scheduled for March 2, 2009.

According to Horton, Paper Mill provided one expert report on November 14, 2008. The court is not aware of this witness's identity, and there appears to be no issue as to him or her. On December 15, 2008, counsel for Paper Mill sent this letter to Horton's counsel:

> Please be advised that Paper Mill may rebut Horton – NJ's proposed expert testimony through the fact and opinion testimony of those witnesses previously identified in Paper Mill's Rule 26(a)(1) Disclosures, as amended on October 31, 2008, as well [as] the below list of individuals, all of whom were previously identified in Paper Mill's Response to Horton – NJ's Interrogatory No. 1: Gregg I. Adelman, Esquire; David Della Porta; Michael Dirks, P.E.; David L. Fehr, P.E.; Robert H. Plucienik, P.E., P.L.S.; and Bruce A. Irvine, Esquire.

Letter of December 15, 2008, attached to Horton's Motion as Exhibit A.

Horton now maintains that since none of the individuals included in Paper Mill's December 15, 2008, letter submitted an expert report, none should be permitted to rebut the testimony of the defense experts. As noted above, Horton alternatively requests that Paper Mill be compelled to submit expert reports, and that an extension of time be permitted within which to depose the newly identified experts.

In its response, Paper Mill maintains that, despite the allusion in its December 15, 2008, letter to "opinion testimony", it has not yet indicated that any of these rebuttal witnesses will testify as experts. Instead, they may offer fact testimony. Paper Mill gives as an example the possibility that Horton's expert may testify that the conditions of the Purchase Agreement were not fulfilled because Paper Mill failed to obtained a required re-approval of its plans by Newtown Township. According to Paper Mill, it might rebut this testimony with factual testimony from Bruce A. Irvine, Esq., the Newtown Township solicitor, who might explain that the Township decided re-approval was unnecessary.

Paper Mill also maintains that, even if some of the rebuttal witnesses testimony will be expert opinion, no expert report would be required because none of the individuals identified were specifically employed to give expert testimony, nor do their job duties regularly involve giving expert testimony. According to Paper Mill, it was up to Horton to depose, or re-depose, these witnesses after receiving the December 15, 2008, letter identifying them.

II. <u>Legal Standards</u>

The provisions in my scheduling order for the disclosure and discovery of witnesses are st forth above. There are also, however, relevant federal rules. Under Federal Rule of Civil Procedure 26, a party must disclose to the other party the identity of his possible fact witnesses within fourteen days of the initial conference in the case. A party must also disclose to the other party the identities of its expert witnesses in accordance with the schedule set by the court, or – in the absence of such – within ninety days of trial. Fed. R. Civ. Pr. 26(a)(2)(A) and (C)(I). However, rebuttal testimony need only be disclosed thirty days after the other party's disclosure. Fed. R. Civ. Pr. 26(a)(2)(C)(ii).

The disclosure of an expert witness must be accompanied by a written report prepared and signed by the expert, but only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. Pr. 26(a)(2)(B).

Only an expert may offer a technical or specialized opinion. A lay witness may offer only those opinions which are (a) rationally based on his or her own perception, (b) helpful to a clear understanding of her testimony or of a fact at issue; and (c) not based on expert knowledge. FRE 701, <u>and</u> <u>see</u> FRE 702 (expert testimony).

3

III.    Discussion

In two cases, Districts in this Circuit have considered the factual scenario presented here, where individuals at first identified as fact witnesses were later identified as experts. In both of those cases, the courts permitted expert testimony only from witnesses properly identified as experts, and who had been or would be deposed *as experts* by the opposing party.

In Allfirst Bank v. Ortenzio, No. 1:CV-01-0786, 2002 WL 34381142 at *2 (M.D. Pa. June 6, 2002), certain bank officers involved in the transaction at issue were first identified by the plaintiff as fact witnesses. Id. at *1. Just as here, however, plaintiff later informed defendant that these individuals would also offer expert testimony as rebuttal witnesses. Id. at *1. In accordance with the explicit language of Rule 26(a)(2)(B), the Ortenzio court did not require the bank officers to submit expert reports, since they were not specially employed as experts, nor did they regularly give expert testimony.

Nevertheless, the court refused to permit the testimony of two bank officers who had not been timely identified as experts, even though they earlier had been identified as fact witnesses. Id. at *2: ("Regardless of the breadth of Rule 26(a)(2)(B)'s reporting requirement, it is clear that Rule 26(a)(2)(A) required Plaintiff to identify any party that would be providing opinion testimony").

The Ortenzio court permitted the remaining officers to testify as experts only because plaintiff's letter, in which it identified them as experts, was received by the defendant before the officers' depositions:

> Therefore, Defendant was aware that the witnesses could testify as to expert opinions. The depositions, therefore, presented Defendant with a perfect opportunity to discover all of the information that would have been provided through a Rule 26(a)(2)(B) written report.

Id. at *3.

Similarly, in Compagnie Des Bauxites de Guinee v. Three Rivers Insurance Company, No. 2:04CV393, 2007 WL 403915 (W.D. Pa. Feb. 1, 2007), defendants identified two insurance adjusters as fact witnesses, but it emerged during their depositions that the defendants also expected them to present expert testimony at trial. Defendants refused to produce the adjusters for a second, expert, deposition. As here, the plaintiff asked the court to either (a) exclude the adjusters' expert testimony; or (b) compel the defendants to produce them for deposition. The court granted the plaintiff's motion, ordering the defendants to elect whether they would un-designate their experts, or permit plaintiff to redepose them.

The Three Rivers court wrote that it could not tell on the record before it whether 26(a)(2)(B) reports were required. Id. at *4. However, it was clear that "[o]nce defendants designated [the adjusters] as experts under Rule 26(a)(2)(A), they are subject to being deposed as experts notwithstanding their prior depositions as fact witnesses." Id. at *3, citing Indemnity Ins. Co. of North America v. American Eurocopter, LLC, 227 F.R.D. 421, 425 (M.D.N.C. 2005), and Musser v. Gentieve Health Services, 356 F.3d 751, 757-58 (7th Cir. 2004). Otherwise, the opposing party would be placed at a disadvantage, and the court's ability to exercise its gate-keeping function under Daubert would be prejudiced. Id. at *3.

According to Paper Mill, it has not yet notified Horton whether any of its rebuttal witnesses are experts. I agree with the courts quoted above, however, that Rule 26 requires Paper Mill to identify all experts, even if the expert has already been identified as a fact witness.

Because none of the rebuttal witnesses is a retained expert, expert reports are not necessary. However, Horton is entitle to depose (or redepose) any newly-identified expert. Despite Paper Mill's suggestion that Horton had this opportunity, Horton could not realistically

5

have deposed six named individuals, and an unknown number of "witnesses previously identified in Paper Mill's rule 26(a)(1) Disclosures" within the two weeks between December 15 and December 30, 2008.  The fact that Paper Mill now suggests that they may all be lay witnesses shows how wasteful this would have been.

I therefore conclude that no individual identified by Paper Mill as a rebuttal witness may testify as an expert unless that witness has been identified as an expert, and unless Horton has had a chance to depose him.  Any rebuttal witness not identified as an expert can offer only fact testimony.  To use the example employed by Paper Mill, Mr. Irvine might testify about the Township's decision, and the process by which it was reached.  However, he cannot offer any opinion based on his specialized knowledge.

Accordingly, I will now enter the following:


O R D E R

AND NOW, this   26th    day of January, 2009, upon consideration of Defendant's Motion in Limine To Preclude Plaintiff's Rebuttal Expert Witnesses, docketed in this case as Document 19, and the response thereto, it is hereby ORDERED that:

(a) Within seven days of the date of this Order, Plaintiff shall identify to Defendant any individual referred to in its December 15, 2008, letter who will offer expert testimony at trial; and it is further ORDERED that

(b) If any such experts are identified, counsel shall call the chambers of the undersigned to arrange a telephonic conference for the purpose of adapting the schedule in this case to permit Defendant to depose or re-depose the newly-identified experts.

BY THE COURT:

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE